UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Swisszan Cardoso, et al,

                Plaintiffs,

-against-

Paramount Foods Inc., et al,

                Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/30/2020

1:15-cv-07674 (SDA)

**OPINION AND ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

Pending before the Court is Plaintiffs' motion to enforce a Settlement Agreement that was approved by the Court in this case. (Not. of Mot., ECF No. 103.) For the reasons set forth below, Plaintiffs' motion is GRANTED IN PART and DENIED IN PART.

## BACKGROUND

This case was filed on September 29, 2015 by Plaintiffs Swisszan Cardoso and Diomedes Garcia asserting claims under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). (Compl., ECF No. 1.) On May 5, 2016, Opt-In Plaintiffs Alexis Scott, Anthony Mata, Arju Mossamat, Jonathan Carrasco, Marino Disla and Saroj Maharjan filed Consents to Sue under the FLSA.[1] (Consents, ECF Nos. 29-33, 36.)

On January 23, 2018, the parties reached a settlement in principle. (*See* 1/23/18 Order, ECF No. 85.) On March 8, 2018, Plaintiffs filed a letter application for the Court to approve the Settlement Agreement entered into by the parties. (3/8/18 Ltr., ECF No. 95.) The Settlement

---

[1] Two other individuals also had filed Consents to Sue, but their claims later were dismissed. (2/23/18 Order, ECF No. 94.) Plaintiffs Cardoso and Garcia, together with the Opt-In Plaintiffs, collectively are referred to herein as "Plaintiffs."

Agreement contained the following provisions, among others:

a) Defendants agreed to pay the settlement amount of $65,000 in settlement to Plaintiffs' counsel by making a payment of $10,000 within five days of the Court's approval of the settlement, thirty-three (33) equal payments of $1,650 every thirty days thereafter and one final payment of $550 one thousand twenty (1,020) days after the first payment (*see* Settlement Agreement, ECF No 95-1, at ¶¶ 2.a-2.ii);

b) Defendant Rohan Aggarwal agreed to execute an Affidavit of Confession of Judgment which the Plaintiffs could file if Defendants defaulted in making payments and failed to cure the default, as set forth in the Settlement Agreement (*see* Settlement Agreement at p. 6 & ¶ 2.jj); and

c) The parties agreed that this Court would retain jurisdiction over "any question or dispute arising out of or pursuant to [the] Settlement Agreement" (Settlement Agreement at ¶ 5).

On April 5, 2018, the Court approved the Settlement Agreement (as amended to remove a certain cooperation provision) and retained jurisdiction to enforce the Settlement Agreement. (4/5/18 Order, ECF No. 101).

On April 1, 2020, Plaintiffs filed a motion to enforce the Settlement Agreement. (*See* Not. of Mot.) The Declaration of Plaintiffs' counsel that was filed in support of the motion states that Defendants have not made any payments under the Settlement Agreement. (Seelig Decl., ECF No. 104, ¶¶ 2-3.) Plaintiffs seek a Judgment from Defendants in the amount of $49,600, which is the amount currently due under the Settlement Agreement. (*See* Seelig Decl. ¶ 3.) However, Plaintiffs also seek 9% prejudgment interest on the amount due, for a total of $54,768.52. (*See*

Proposed Judgment, ECF No. 103-2.)

On their motion, Plaintiffs request $1,375 in attorneys' fees incurred in connection with enforcing the Settlement Agreement. (Pl. Am. Mem., ECF No 106, at 4-5.) Plaintiffs also request the Court to approve an automatic increase of the judgment by 15%, pursuant to NYLL § 198(4), upon the expiration of ninety (90) days following issuance of the judgment if any amounts remain unpaid ("NYLL Increase"). (*See* Proposed Order, ECF No. 103-1.)

In opposition to Plaintiffs' motion, Defendants argue that the Settlement Agreement provided for the filing of a confession of judgment upon default, and as such, Plaintiffs should utilize that enforcement mechanism, rather than having this Court enter judgment. (*See* 4/27/20 Ltr., ECF No. 108.) Defendants state that "while the Court retained jurisdiction with respect to any dispute arising under the settlement agreement, a motion requesting that the Court direct entry of a proposed judgment is not an enforcement mechanism contemplated under the agreement." (*Id*.)

## DISCUSSION

The Court carefully has reviewed the parties' submissions and shall enter Judgment against Defendants, albeit in an amount that is less than Plaintiffs seek. Defendants' argument that the Court only has jurisdiction "with respect to any dispute arising under the settlement agreement," rather than jurisdiction to enforce the Settlement Agreement is without merit. The Court's April 5, 2018 Order approving the settlement expressly states that the Court "will retain jurisdiction to enforce the settlement agreement." (*See* 4/5/18 Order.) This was a valid retention of jurisdiction. *See Hendrickson v. United States*, 791 F.3d 354, 358 (2d Cir. 2015) ("[T]o retain ancillary jurisdiction over enforcement of a settlement agreement, . . . a district court's order of

dismissal must either (1) expressly retain jurisdiction over the settlement agreement, or (2) incorporate the terms of the settlement agreement in the order." (internal citations omitted)).

The Court also rejects Defendants' argument that Plaintiffs are constrained to filing the confession of judgment in the case of a default. The language in the Settlement Agreement that upon default "Plaintiffs may immediately file the Affidavit of Confession of Judgment" (*see* Settlement Agreement at ¶ 2.jj) is not exclusive to other enforcement remedies. Courts retain discretion to fashion appropriate remedies where a contract does not provide for a sole or exclusive remedy. *See Glob. Land, Inc. v. Mayor & Common Council of City of Peekskill*, 377 F. App'x 43, 45 (2d Cir. 2010).

With respect to the amount of the Judgment, the Court declines to grant Plaintiffs' requests for for attorneys' fees, prejudgment interest or for an NYLL Increase. The Court retained jurisdiction over this matter to enforce the parties' Settlement Agreement and must adhere to the terms of the Settlement Agreement. *Febus v. Guardian First Funding Grp.*, LLC, 90 F. Supp. 3d 240, 245 (S.D.N.Y. 2015) ("A settlement, once reached, is a binding contract, which is interpreted according to the principles of contract law.").

The Settlement Agreement does not provide for attorneys' fees and thus they may not be awarded. *See Partners for Payment Relief, LLC v. Dreambuilder Investments, LLC*, No. 12-CV-01414 (RJS), 2016 WL 4205595, at *4 (S.D.N.Y. Aug. 8, 2016) ("[S]ince the parties' intention to shift fees incurred in connection with judgment collection is not unmistakably clear from the language of the contract, the Court concludes that shifting such fees is not warranted under the Settlement Agreement." (internal quotations and citations omitted)).

The Settlement Agreement also does not provide for the collection of interest. As such, interest may not be awarded. *See Brum v. Paragon Design Corp*, No. 18-CV-05399 (JMF) (KNF), 2019 WL 3222969, at *5 (S.D.N.Y. May 16, 2019), *report and recommendation adopted*, 2019 WL 3219345 (S.D.N.Y. July 17, 2019) ("[I]nterest is not a material term of the parties' settlement agreement and the plaintiffs failed to make citation to any binding authority in support of their request for interest. Thus, awarding interest on $35,000 is not warranted.").

Finally, although this case had asserted claims under the NYLL, those claims were settled. Plaintiffs' motion is not based upon the NYLL, but rather is based upon the Settlement Agreement. The Settlement Agreement does not provide for the NYLL Increase and thus the NYLL Increase may not be included in the Judgment.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs' motion to enforce the Settlement Agreement is GRANTED IN PART and DENIED IN PART.

The Clerk of Court is respectfully directed to enter Judgment in favor of Plaintiffs Swisszan Cardoso, Diomedes Garcia, Alexis Scott, Anthony Mata, Arju Mossamat, Jonathan Carrasco, Marino Disla and Saroj Maharjan, and against Defendants Paramount Foods Inc., Devi Group Ltd., Rakesh Aggarwal and Rohan Aggarwal, jointly and severally, in the amount of $49,600.

**SO ORDERED.**

DATED:   New York, New York
         April 30, 2020

_____
STEWART D. AARON
United States Magistrate Judge